## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

KIWANIS EUGENE GARNER,

      Petitioner,              Case Number 2:22-CV-12468

                             HONORABLE VICTORIA A. ROBERTS

v.                        UNITED STATES DISTRICT JUDGE

WARDEN,

      Respondent,

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE.

    Kiwanis Eugene Garner, ("Petitioner"), confined at the Central Michigan Correctional Facility in St. Louis, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction. Petitioner does not indicate what he was convicted of, but the Michigan Department of Corrections' Offender Tracking Information System (OTIS), which this Court is permitted to take judicial notice of, *See Ward v. Wolfenbarger,* 323 F. Supp. 2d 818, 821, n. 3 (E.D. Mich. 2004), indicates that Petitioner was convicted in the Wayne County Circuit Court for felony-firearm, second offense, MICH. COMP. LAWS § 750.227b.

    Petitioner filed a request for a six month extension of time to file an actual habeas petition. Petitioner claims he needs the extension because the Coronavirus

pandemic forced the prison where he is incarcerated to make various restrictions on the inmates, making it difficult for him to research and write a proper habeas petition.

The Court construes Petitioner's letter as a protective petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254; he indicates that he seeks habeas relief but requests an extension of time to file a more properly researched petition and brief. *See, e.g., Sueing v. Palmer*, 503 F. App'x. 354, 356-57 (6th Cir. 2012)(petitioner's letter to the district court to grant a stay and abeyance or to extend the time to file a petition for writ of habeas corpus should have been construed as a new habeas petition); *Watkins v. Haas*, 143 F. Supp. 3d 632, 638, n. 4 (E.D. Mich. 2015), *rev'd sub nom. on other grds Watkins v. Deangelo-Kipp*, 854 F.3d 846 (6th Cir. 2017)(district court construed petitioner's request to stay the petition as a newly filed petition for writ of habeas corpus). A habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the Antiterrorism and Effective Death Penalty Act's statute of limitations can file a "protective" petition in federal court, as Petitioner appears to have done. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005).

Petitioner essentially requests an extension of time to file an amended habeas petition. A federal district court has the power to grant an extension of time to a habeas petitioner to file an amended habeas petition. *See, e.g., Hill v. Mitchell*, 30 F. Supp. 2d 997, 998 (S.D. Ohio. 1998). Petitioner is granted an extension of time to

2

file an amended habeas petition to properly present his claims. Petitioner is also granted an extension of time to file a memorandum of law in support of his petition, if he so chooses. A habeas petitioner is permitted to assert his or her claims in a supporting brief. *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005).

The Court recognizes the grave health risks of the Coronavirus and its impact specifically on prison operations and the life of the inmates who are incarcerated at these facilities. Because of the uncertainty as to the duration of the Coronavirus pandemic and its effect on prison facilities, the Court will not leave the case open indefinitely but will stay the petition and administratively close the case, in case there are additional prison lockdowns brought on by any new outbreak of Coronavirus which could affect Petitioner's ability to prepare his habeas petition. This shall not be considered an adjudication of the merits of the petition.

Petitioner has one hundred and eighty days from the date of this order to file an amended habeas petition and any memorandum of law in support of the petition. Petitioner shall file a motion to reopen the petition when he files the amended habeas petition. If additional prison lockdowns or restrictions are imposed during this one hundred and eighty day period, Petitioner can request an additional extension of time from the Court.

**ORDER**

**IT IS ORDERED** That:

3

(1) The proceedings are **STAYED** and the Court holds the habeas petition in abeyance. Petitioner is **GRANTED** an extension of time to file an amended habeas petition and memorandum of law in support of the petition. Petitioner shall have **one hundred and eighty (180) days** from the date of this order to file his amended habeas petition and any memorandum of law. Petitioner shall file a motion to reopen the petition under the current case number and using the current caption.

(2) To avoid administrative difficulties, the Clerk of Court shall **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Thomas v. Stoddard,* 89 F. Supp. 3d 937, 943-944 (E.D. Mich. 2015).

(3) Upon receipt of a motion to reopen the habeas petition, the Court will order the Clerk to reopen this case for statistical purposes. [1]

                    s/ Victoria A. Roberts
                    HON. VICTORIA A. ROBERTS
                    UNITED STATES DISTRICT COURT JUDGE


Dated: 10/20/2022

---

[1] Petitioner's habeas petition is deficient because he failed to pay the $ 5.00 filing fee or an application to proceed *in forma pauperis*. *See Gravitt v. Tyszkiewicz,* 14 F. App'x 348, 349 (6th Cir. 2001). In lieu of issuing a Deficiency Order, the Court holds the petition in abeyance. However, when Petitioner moves to reopen the case, he will be required to pay either the $ 5.00 filing fee or submit an application to proceed *in forma pauperis*.